## ZEPP, Appellant, v. BAUER, Respondent.

1. Case reversed because the finding of the facts does not sustain the judgment of the court.

*Appeal from St. Louis Law Commissioner's Court.*

*Bland & Coleman,* for appellant.
*Blennerhassett & Shreve,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a suit in the law commissioner's court, by Zepp against Bauer, to recover the amount of two accounts for money due by Bauer to Simon Erschinger, and by him assigned and transferred to the plaintiff.

It seems that the defendant was indebted to Erschinger on account settled, and also for work and labor done subsequently to the date of the account settled; and that the defendant paid generally to Erschinger a large sum of money, enough to extinguish the whole of the first indebtedness, and a large portion of the last—leaving a balance due altogether of about $73 53. Erschinger made out an account against Bauer, the first item of which is as follows: "1853. May 7: as per settlement on this day, $70;" and the other items are charges for days' work subsequently done. The whole of the account amounted to the sum of $635 83, the last item dated 24th March, 1855. The account is credited by the sum of $562 30, leaving a balance due to Erschinger of $73 53. This demand or claim was assigned by Erschinger to the plaintiff on the 21st April, 1855, in writing.

The plaintiff brought his suit upon this account as for two causes of action; the first was on the balance due on settlement made May 7th, 1853, being the sum of $70; the second for work and labor done, after the 7th May, 1853, and prior to the 1st of April, 1855. This last work the plaintiff avers amounted to the sum of $565 78, and he alleges that there was paid on this the amount of $562, leaving due on this last account, for work done, the sum of $3 78, and due on the whole the sum of $73 78. The plaintiff applied the payments made by Bauer to Erschinger, on the account for work performed subsequently to the first settlement; leaving the $70 due by

that settlement still unpaid, and reducing the amount for the subsequent work to about $3 78 only.

The case was submitted to the court for trial, who found the following facts substantially : " The court finds from the evidence that the said Simon Erschinger assigned his claim against the defendant to the plaintiff for a valuable consideration ; that the claim originated. for work and labor done by Erschinger for defendant ; that on the 7th May, 1853, the said Erschinger and defendant had a settlement for work done before that day, and that there was found due to Erschinger $70 ; that since the time of said settlement, the said Erschinger did work and labor for said defendant ; that the defendant was indebted to him at the time of the said assignment, on account of labor since the settlement, a balance of $63 50 ; that prior to the assignment, the said defendant had paid Erschinger the sum of $60, on account of the settlement of the 7th May, 1853. Upon the facts as found, the court declares that the allegations of the plaintiff's cause of action are unproved in their entire scope and meaning, in this, that the plaintiff counts upon an assignment of an account for $70 ; and the proofs show that of said sum, sixty dollars were paid prior to the assignment, leaving a balance of only ten dollars ; further, that the plaintiff's allegation of the assignment of the account for work and labor subsequently to the accruing of the first mentioned indebtedness of seventy dollars, is only three dollars and seventy-eight cents ; whereas, the proofs show that on account of the said subsequent work and labor, there remains unpaid the sum of sixty-three dollars and fifty cents. The plaintiff has a good cause of action, but it arises solely from the assignment of the chose in action, or rather from the assignment of the two choses in action—one for seventy dollars, and one for three dollars and seventy-eight cents. There is a total failure of proof in establishing the two choses in action as laid. Enter judgment for $13 78."

Upon this finding and judgment the plaintiff filed his motion for a review, which being overruled, he appealed to this court.

This judgment is erroneous and must be reversed; the finding will not warrant it. If there was a total failure of proof, the court should have given judgment for the defendant and not for the plaintiff for part, so as to extinguish his whole demand by the judgment. In looking over the evidence preserved by the case made, there is no doubt but that sixty dollars of the amount due by the settlement of 7th May, 1853, were paid to Erschinger before he assigned his claim against the defendant to the plaintiff; and there is as little doubt but that the claim against the defendant, when assigned, was still for $73 53—the amount due by defendant at that time.

I am at a loss to ascertain the reason why this plaintiff should have supposed it necessary to divide his causes of action. One would have been sufficient, if properly stated. The amount of the indebtedness upon the settlement is brought forward and made the first item in the account of Erschinger against Bauer, and at the foot of that amount is the general credit, leaving the sum of $73 33 due, and this claim and account was assigned by Erschinger to the plaintiff. Why divide it then into two counts, and come very near losing both? Did the idea of interest on the account stated produce this state of pleading?

As the plaintiff below asked for leave to amend his petition, and as he shows a meritorious cause of action, this court will remand the case, with directions to the lower court to suffer the plaintiff to amend his petition upon terms.

The other judges concur.